10-1191-cv
*Schain v. Schmidt*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the twenty-third day of September, two thousand and ten.

PRESENT: ROGER J. MINER,
         PIERRE N. LEVAL,
         RICHARD C. WESLEY,
                  *Circuit Judges.*

---

MARISSA SCHAIN, DANIEL BOGATIN, OLIVIA ALMENGOR,

                  *Plaintiff-Appellants,*

         -v.-                                    10-1191-cv

BENNO C. SCHMIDT, PHILIP A. BERRY, VALERIE L. BEAL, RITA DIMARTINO, JOSEPH J. LHOTA, HUGO M. MORALES, PETER S. PANTALEO, KATHLEEN M. PESILE, CAROL A. ROBLES-ROMÁN, MARC V. SHAW, CHARLES A. SHORTER, SAM A. SUTTON, JEFFREY S. WIESENFELD, CHRISTOPH KIMMICH, FREIDA D. FOSTER-TOLLBERT,

                  *Defendant-Appellees.*[*]

---

[*] The Clerk of the Court is respectfully directed to amend the official caption in this action to conform to the caption in this order.

FOR APPELLANTS:    PHINEAS E. LEAHEY, Jones Day (Todd R. Geremia and Briana R. Hulet, *of counsel*), New York, NY.

FOR APPELLEES:    ROBERT C. WEISZ, Assistant Solicitor General of the State of New York, New York, NY.

Appeal from the United States District Court for the Southern District (Kaplan, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the District Court be **AFFIRMED.**

Appellants appeal from a judgment of the United States District Court for the Southern District of New York (Kaplan, *J.*).  Having earlier dismissed most of their claims on a motion for summary judgment, the District Court disposed of the remaining claim on a motion for judgment on the pleadings, issuing its final Order on March 11, 2010. Appellants commenced the action below pursuant to 28 U.S.C. § 1331, the First and Fourteenth Amendments of the United States Constitution, and 42 U.S.C. § 1983, seeking declaratory and injunctive relief voiding Brooklyn College's procedure for refunding mandatory NY-PIRG fees to students who object to funding NY-PIRG, as well as CUNY's regulations governing expenditures by student organizations.  We assume the parties' familiarity with the underlying facts, the

procedural history, and the issues presented for review.

Appellants seek reversal of the District Court's ruling that the challenged refund procedure is adequate as a matter of law. They ground their argument on the line of precedent known collectively as the "union cases." *See, e.g., Chicago Teachers Union Local No. 1 v. Hudson*, 475 U.S. 292 (1986); *see also Seidemann v. Bowen*, 499 F.3d 119 (2d Cir. 2007). However, the Supreme Court of the United States has ruled that the "union cases" do not apply to a university's assessment and distribution of a mandatory student activity fee. *Southworth v. Bd. of Regents of the Univ. Of Wis. Syst.*, 529 U.S. 217, 232 (2000). Thus, the procedural requirements informing *Seidemann* cannot be imposed in the instant action, and the challenged refund procedure, supported as it is by explanations offered by defendants below, is adequate as a matter of law.

Appellants further seek to overturn the District Court's dismissal of their challenge to the fiscal regulations governing NY-PIRG's campus activities. However, neither a facial nor an as-applied challenge to these regulations was presented in a manner sufficient to survive summary judgment. First, the regulations are facially

3

unobjectionable, since they categorize organizations receiving student funds by their organizational structure, rather than their ideological viewpoint.  Second, the record below does not support an as-applied challenge to the regulations, as no plaintiffs allege either that they or their organization were denied a particular classification under the regulations or that they suffered a cognizable injury as a result of the regulations' operation.  Finally, the record below does not support a reasonable inference that the regulations, although facially neutral, operate as a pretext for viewpoint-based discrimination.

We decline to rule on Appellants' ancillary motions regarding retention of plaintiffs and reaffirmation of jurisdiction, since these motions were crafted with an eye to a possible remand for further proceedings, which possibility we hereby forego.

For the foregoing reasons, the judgment of the district court is hereby **AFFIRMED.**

```
                                    FOR THE COURT:
                                    Catherine O'Hagan Wolfe, Clerk
```